EASTERN DIST,
*April*, 1839.

BLANCHET
*vs.*
MUNICIPALITY
NO. TWO.

---

BLANCHET *vs.* MUNICIPALITY NO. TWO.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE
WATTS PRESIDING.

The commissioners appointed under the act of 1832, for opening and widening streets, are made the sole judges of the cases in which improvements are of so general a nature as to require payment of the expenses by the whole community, or only by the owners of property in the immediate vicinity, who are especially benefited by the improvement.

The courts are open to any abuses of the commissioners, but the party aggrieved must administer proof of the injury he complains of.

This case arose in the court below, on an opposition filed by the plaintiff, to the report of commissioners appointed and acting under the act of 1832, to widen and extend Notre Dame-street.

The facts and circumstances of this case are correctly detailed in the following opinion of the district judge :

EASTERN DIST.
*April*, 1839.

BLANCHET
*vs.*
MUNICIPALITY
NO. TWO.

" Commissioners having been appointed under the acts of 1832, page 132, for widening Notre Dame-street, between Magazine-street and Tchoupitoulas-street, and their report of assessment having been made, Jean Blanchet, a person affected by said assessment has filed an opposition to said report, under four heads, viz :

" 1. That the account of assessment of damages, viz : three thousand three hundred dollars for property of Blanchet, viz : eleven feet eight inches by one hundred and seventy, taken for this purpose, is too low.

" The witnesses establish, that up to the date of the assessment, no higher price than at that rate, had been given for property in that neighborhood on Magazine-street ; property is, or has been undergoing such a rapid advance, that it is difficult to look back and fix the mind's eye on former prices. According to the testimony adduced, the assessment for value of property taken, seems to be correct.

" 2. The second head of opposition, is, that the assessment ought to have been extended beyond Tchoupitoulas-street, and be made to bear on all property on Notre Dame-street, as far as the Levee.

" This is a matter of opinion and discretion with the commissioners ; those who owned property on Notre Dame-street, beyond Tchoupitoulas-street, found a good opening on that street, they are benefited : but as the whole assessment is a light one, the commissioners might well think the amount which could be assessed on them, not to be worth the assessment and collection. In this, I think, there is no error : practical matters must not be refined on too much.

" 3. The third head of opposition is, that opponent should not be made to contribute, as the portion of the lot left, is of less value than before the improvement was made.

" The witnesses are of a different opinion, and think that it would have been for the interest of the opponent to have gratuitously surrendered the portion of ground taken from him. I concur with the witnesses in this opinion ; at that place the street was only 26 feet wide for one hundred and seventy feet. If eight feet banquettes were taken off, the

EASTERN DIST. *April*, 1839.

BLANCHET
*vs.*
MUNICIPALITY
NO. TWO.

carriage way would be only ten feet wide, which is almost useless as a street; throwing in eleven feet eight inches, makes a carriage way of twenty-one feet eight inches, and gives a street of thirty-seven feet eight inches, a street as wide as Chartres-street, on which the opponent has, by this means, a front of one hundred and seventy feet. As opponent received the full value of the ground taken, his lot ought to bear an assessment for benefit conferred, and the amount does not appear to me too great.

" 4. The fourth ground of opposition is, that the widening of the street is a general benefit to the whole municipality to which its funds ought to have contributed, under the section of the act referred to. Every local benefit is a general benefit, for the Municipality is made up of various localities, but it is believed, that the general benefit contemplated by that section of the act, must be of a more definite, distinct and universal nature, than the one claimed to be assessed on the Municipality, by making the contemplated improvement. It is not sufficiently and generally useful or important to make it the subject of a tax on the Municipality, and the commissioners have done right in not so considering it.

" None of the grounds of opposition appearing to me to be sustained, it is considered that the opposition be overruled, and that the opposing party pay the costs of said opposition."

The plaintiff appealed.

*Morphy*, for the appellant.

*Carter*, contra.

*Martin, J.*, delivered the opinion of the court.

The plaintiff is appellant from a judgment setting aside his opposition to the report of the commissioners appointed under the act of 1832, for widening Notre Dame-street, on the following grounds :

1. That the damages allowed him are too small.

2. That the assessment ought to have been extended to property on Notre Dame-street, from Tchoupitoulas-street to the Levee.

3. That no contribution ought to be charged to him, because the portion of his property left is diminished in value by the improvement.

4. That the widening of the street is a general benefit to the whole municipality, to which its funds ought to have contributed, under the section 8th of the above act.

The counsel of the appellants has confined his opposition in this court to the fourth ground. The section there referred to provides, "That if the commissioners shall deem the improvements so to be made, not only a local improvement, but also tending to the salubrity, beauty, benefit, or improvement of the whole city ; it shall be the duty of said commissioners to assess any part of the assessment for said improvement, to the said mayor and city council, as they shall deem just and equitable."

Our learned brother of the District Court has been of opinion, that although every local benefit is a general one, for the municipality is made up of various localities, still the general benefit contemplated by the 8th section must be of a more definite, distinct, and universal nature than the one claimed to be assessed on the municipality, by making the contemplated improvement. It is not sufficiently and generally useful or important, to make it the subject of a tax on the municipality, and the commissioners have done right in not so considering it.

The legislature has thought fit to constitute the commissioners the sole judges of the cases in which the improvements are of so general a nature as to demand that the charges attending them should not be borne by the inhabitants in the vicinity of which they are made alone, but by the whole community, and be paid in whole or in part out of the coffers of the municipality. It is true the courts are open to those who may deem themselves aggrieved by the abuse of the powers of the commissioners ; but suitors in such cases should not confine themselves to complaints, but administer proof of their having been really aggrieved. This does not appear to have been attempted in this case. Clamors have been heard, but no satisfactory evidence has been laid before

EASTERN DIST.
April, 1839.

BLANCHET
vs.
MUNICIPALITY
NO. TWO.

The commissioners appointed under the act of 1832, for opening and widening streets, are made the sole judges of the cases in which improvements are of so general a nature, as to require payment of the expenses by the whole community or only by the owners of property in the immediate vicinity, who are especially benefited by the improvement.
The courts are open to any abuses of the commissioners, but the party aggrieved must administer proof of the injury he complains of.

the first judge, and we have seen nothing that can justify our interference.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs.